IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS ROBLEZ,

    Plaintiff,

v.                                                                                          No. 13-cv-0014 SMV/CG

STATE OF NEW MEXICO; PUBLIC
DEFENDER'S OFFICE; DEP'T OF CORR.;
CNTY. OF LEA; CNTY. OF VALENCIA;[1]
JOHN DOES I–IX;

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the State Defendants' First Motion to Dismiss . . . [Doc. 9], filed on March 19, 2013, by Defendants State of New Mexico, New Mexico Public Defender's Department, and the New Mexico Corrections Department (hereinafter the "State Defendants"). Plaintiff responded on April 4, 2013. [Doc. 11]. The State Defendants replied and filed a Notice of Completion of Briefing on April 17, 3013. [Doc. 15]. However, on May 6, 2013, Plaintiff moved for leave to file a surreply and/or for discovery. [Doc. 17]. The State Defendants opposed any surreply or discovery on May 13, 2013. [Doc. 19]. Finally, on June 4, 2013, Plaintiff replied and filed a Notice of Completion of Briefing. [Docs. 20, 21]. No hearing is necessary because both motions can be decided on the briefing. The Court has considered the record and the relevant law and, being fully advised in the premises, FINDS that the motion to dismiss is well-taken and should be granted. Additionally, the federal claims should be

---

[1] Plaintiff voluntarily dismissed his claims against the County of Valencia on April 10, 2013. [Doc. 13].

dismissed with prejudice against all Defendants. Therefore, the motion for surreply and/or discovery will be denied as moot. Finally, the Court will decline to exercise jurisdiction over the state-law claims, which will be dismissed without prejudice.

## Background

Plaintiff filed his Complaint on January 8, 2013, challenging his state-court sentence for an unspecified fourth degree felony. *See* [Doc. 1]. Specifically, he alleges that the trial judge orally pronounced a sentence of 18 months' imprisonment and *one year* of parole, whereas his written Judgment and Sentence (J&S) reflects a period of *5 to 20 years* of parole.[2] *Id.* at 2. He calculates that with "good time," his probation/parole should have ended in July of 2010. *Id.* Instead, however, he alleges that he "was actually placed on probation and parole on July 22, 2009[.]" *Id.* Thereafter, his probation/parole officer kept him on "virtual house arrest" until September of 2011, at which time his probation/parole officer allegedly unilaterally determined that he had violated his probation/parole, and he was reincarcerated at the Lea County Detention Center and the Los Lunas County Detention Center.[3] *Id.* at 3. He claims he was finally released on May 2, 2012. *Id.* He sues under 42 U.S.C. § 1983, for "violations of the Constitution[s] of the United States and the State of New Mexico including violations of the 14th Amendment due process and the 7th [sic] Amendment's violation of right to effective counsel." *Id.* at 4 (Count I).

He further claims that he "suffered a crush injury to his leg" caused by a heavy cart on November 6, 2011, while he was improperly incarcerated at the Los Lunas Correctional Facility.

---

[2] Plaintiff refers to both parole and probation. *Compare* [Doc. 1] at 2, ¶ 10 (parole), *with id.* at ¶ 11 (probation). Thus, it is unclear whether he challenges a period of parole or probation.
[3] As Defendants have noted, no facility called "Los Lunas County Detention Center" exists in New Mexico. This, however, is of no consequence to the Court's rulings herein.

*Id.* at 4–5. Plaintiff argues that the injury "was caused by the negligence of the Defendant in the course and scope of their [sic] maintenance and supervision of the correctional facility at Los Lunas, which is authorized and operated pursuant to the State of New Mexico Rule [sic] and Regulations." *Id.*

### *Heck v. Humphrey* and the *Younger* Abstention

A party may not collaterally attack his criminal sentence through the vehicle of a civil suit under 42 U.S.C. § 1983 unless the state courts have already invalidated the challenged sentence. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Specifically, the Supreme Court has held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* (footnotes omitted).

3

In this case, it is clear that a judgment in Plaintiff's favor would necessarily imply the invalidity of his criminal sentence as recorded in the J&S. Indeed, his federal claims hinge on the invalidity of the J&S. Plaintiff alleges in his Complaint that during a hearing in April of 2012, for which he was not present, the J&S was declared "void for being incorrect" and the tribunal further determined "that he should not have been incarcerated during the period of time he was incarcerated and/or be [sic] under probation and parole requirements for the approximately 18 months." [Doc. 1] at 3–4. However, Plaintiff does not allege in which tribunal the hearing occurred or otherwise allege facts that would show that the tribunal was authorized to determine whether the J&S was valid. The § 1983 claims, therefore, are barred by *Heck*.

No opportunity to amend the Complaint is warranted because the § 1983 claims are also barred by the *Younger* abstention, or fail to state a claim, or the Defendants are immune. Accordingly, even assuming *arguendo* that the tribunal had been authorized to make such determinations, and assuming *arguendo* that *Heck* did not bar Plaintiff's § 1983 claims, the claims would still be subject to dismissal.

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 46 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). The *Younger* abstention doctrine is based on "notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps*, 122 F.3d at 889. Abstention under *Younger* is jurisdictional in nature, *see id.*, and is appropriate when three conditions are met:

4

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). If the three requirements are met, and no exceptions to *Younger* apply, a federal court must abstain from hearing the case. *See Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

Here, Plaintiff has not pleaded facts that could plausibly show that his criminal proceedings have ended and that this Court may review the claim. Plaintiff has alleged that he has been released, [Doc. 1] at 3, but that does not mean that his criminal proceedings are not ongoing. Similarly, he has not alleged that the state courts do not offer an adequate forum for relief, and his criminal sentence is governed—perhaps exclusively—by New Mexico law. Additionally, Plaintiff has not alleged facts that would support any exception to *Younger*. *See Phelps*, 122 F.3d at 889 (outlining expections). Therefore, under *Younger*, the Court must abstain from review of the § 1983 as pleaded. Irrespective of *Heck* and *Younger*, dismissal of the federal claims is warranted under Rule 12(b)(6) and grounds of absolute immunity, and amendment would be futile.

## Standard for Motions to Dismiss

The parties do not agree on the standard for motions to dismiss. Plaintiff argues that the motion-to-dismiss standard is "whether there is any possible basis under the pleadings [sic] for Plaintiff to recover." [Doc. 18] at 2 (citing *Bank of the South v. Fort Lauderdale Tech. Coll.*,

*Inc.*, 301 F. Supp. 260 (D. La. 1969) and *Yeitrakis v. Schering-Plough Corp.*, 804 F. Supp. 238, 240 (D.N.M. 1992) ("For purposes of a motion to dismiss, . . . . if there is any possibility of relief, the case should not be dismissed."). The State Defendants, on the other hand, argue that the standard is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" [Doc. 9] at 4 (quoting *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). In other words, the parties dispute whether the standard is possibility or plausibility of a claim, based on the complaint.

The State Defendants are correct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677−78 (2008) ("The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks and citations omitted)); *Gee v. Pacheco*, 627 F.3d 1178, 1183–86 (10th Cir. 2010) ("For many years the federal courts . . . dismissed [claims] only if 'it appear[ed] beyond doubt that the plaintiff c[ould] prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). In 2007, however, the Supreme Court retired the *Conley* standard [and adopted the plausibility standard from *Twombly* and *Iqbal*].").

Moreover, dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b) and granting leave to amend would be futile. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (citing *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997)).

**Analysis**

<u>The Court will dismiss the federal claims against the State Defendants.</u>

The State Defendants move to dismiss all § 1983 claims on the ground that no State Defendant is a "person" under the statute and, therefore, none is subject to suit. [Doc. 9] at 6–7. Plaintiff concedes that the State Defendants are not "persons" under § 1983, [Doc. 11] at 1, and the Court agrees. Therefore, all § 1983 claims against Defendants State of New Mexico, New Mexico Public Defender's Department, and the New Mexico Corrections Department will be dismissed with prejudice.

<u>The Court will dismiss the federal claims against Lea County.</u>

Additionally, the Court, sua sponte, will dismiss any § 1983 claims against Defendant Lea County for a related reason.[4] Counties are not subject to § 1983 suits unless the claims arise out of a county's custom or policy, which caused the violation of the plaintiff's constitutional rights. *Nielander v. Board of County Comm'rs of the Cnty. Of Republic, Kansas*, 582 F.3d 1155, 1170 (10th Cir. 2009) ("A municipality is only liable 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'") (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, (1978)). Here, Plaintiff has not asserted that his allegedly excessive probation period was caused by any policy or custom of Lea County. Therefore, under *Twombly* and *Iqbal*, he has stated no claim against the County. Any vicarious liability claim that he may be attempting to

---

[4] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (Courts may sua sponte dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.") (internal quotation marks omitted); *see also Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001) (notice and an opportunity to amend are not required prior to such dismissal).

assert would be impermissible.  *See Monell*, 436 U.S. at 663, n. 7, 691; *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2009).  Accordingly, all § 1983 claims are dismissed against Lea County with prejudice.

The Court will dismiss the federal claims against the John Doe<br>corrections officers and against the John Doe probation/parole officers.

Liberally construing the Complaint, Plaintiff appears to allege that unnamed probation/parole officers (1) determined him to be a parole violator "without due process, hearings or otherwise;" (2) kept him on probation/parole longer than his *oral* sentence dictated; and (3) subjected him to "severe" probation/parole restrictions akin to "virtual house arrest." [Doc. 1] at 3.  Plaintiff argues that these actions violated his constitutional rights, and therefore, the unnamed probation/parole and corrections officers are liable for damages under § 1983.  *Id.* at 1–4.

As an initial matter, the Court notes that although Plaintiff conclusorily lumps the unnamed corrections officers into his §1983 claim, *id.* at 2, he has alleged no facts whatsoever that could plausibly state a federal claim against any corrections officer.  *See id.*  The federal claims against the John Doe corrections officers, therefore, will be dismissed with prejudice.  *See Twombly*, 127 S. Ct. at 1974.

1.  Determination of Probation/Parole Violation

Probation and parole officers are absolutely immune from a civil suit for damages when they are performing "quasi-judicial functions."  *See Tripati v. INS*, 784 F.2d 345, 348 (10th Cir. 1986).  These "quasi-judicial" functions include decisions to grant, deny, or revoke parole because these tasks are functionally comparable to tasks performed by judges.  *See, e.g., Swift v.*

*California*, 384 F.3d 1184, 1189 (9th Cir. 2004).  Plaintiff concedes such absolute immunity, [Doc. 11] at 1–2, and the Court agrees.  Accordingly, the John Doe probation/parole officers are absolutely immune from suit for determining that Plaintiff's probation/parole should be revoked.  Plaintiff's federal claims arising from the probation/parole-revocation determination will be dismissed with prejudice.

### 2. Allegedly Improper Length of Probation/Parole

"[C]ourt officers sworn to execute court orders are shielded by absolute immunity in the performance of their duty."  *Valdez v. Denver*, 878 F.2d 1285, 1288 (10th Cir. 1989).  "The proper procedure for a party who wishes to contest the legality of a court order enforcing a judgment is to appeal that order and the underlying judgment, not to sue the official responsible for its execution."  *Id.* at 1289–90.

Here, Plaintiff alleges in his Complaint that the John Doe probation/parole officers enforced a J&S that was improper because it conflicted with the trial court's oral sentence.  [Doc. 1] at 2–3.  He alleges that the written J&S prescribed a period of probation/parole of "not less than five years and not more than 20 years."  *Id.* at 2.  He further alleges that he was kept on probation/parole "for more than 18 months," *id.* at 3, which is entirely consistent with the written J&S.  Thus, the John Doe probation/parole officers are absolutely immune from suit for keeping him on probation/parole consistent with the written J&S, regardless of the alleged oral sentence.  If Plaintiff wanted to contest the validity of the J&S, he could have appealed it.  Plaintiff's federal claims against the probation/parole officers arising from their enforcement of the written J&S will be dismissed with prejudice.

### 3. Conditions of Probation/Parole

Next, Plaintiff attempts to sue probation/parole officers for keeping him "under severe restrictions [or] virtual house arrest." *Id.* at 3. This claim, even if true, is not cognizable under § 1983.

> "Parolees do not enjoy the absolute liberty to which every citizen is entitled, but only . . . conditional liberty properly dependent on observance of special parole restrictions. . . . These restrictions are designed to ensure rehabilitation and protect the public." *U.S. v. Lewis*, 71 F.3d 358, 361 (1995) (quotations and citations omitted). "A parolee who does not agree with the conditions of his parole is free to refuse it." *Hampton v. Perez*, 2010 U.S. Dist. LEXIS 40720, 2010 WL 1688464, *4 (D. Colo. Apr. 23, 2010) (citations omitted). "Because parole is an extension of confinement, limitations resulting in . . . restricted living or travel arrangements during the time of parole or mandatory release supervision do not result in a constitutional violation. . . . The purpose of parole or mandatory release supervision is to assist an individual in an effort to re-integrate himself into society. Therefore, legitimate state interests warrant placing some conditions on the individual's behavior. . . . Such restrictions do not rise to the level of violating [the individual's] rights under the First Amendment." *Green v. Quintana*, 1992 WL 477010, *1 (D. Colo. Apr. 8, 1992) (citations omitted), aff'd, 992 F.2d 1222 (10th Cir. 1993) (table).

*Murray v. Dobbs*, No. 09-cv-2021, 2010 U.S. Dist. LEXIS 91418, at *21–21 (D. Colo. July 29, 2010) (unpublished) (finding challenges to certain conditions of parole not cognizable under § 1983, namely restriction on plaintiff's ability to travel to certain places, his internet access, his having to call a workforce center to make an appointment rather than being granted access to the center, and the time and location of where he could shop). Because Plaintiff's allegation that his probation/parole kept him under "severe restrictions" and "virtual house arrest"—even if

supported by plausible factual allegations—would not state a claim under § 1983, the claim will be dismissed with prejudice.[5]

Because all federal claims against all named and unnamed Defendants are dismissed, the Court will deny Plaintiff's request to file a surreply or to conduct discovery. The Court declines to exercise jurisdiction over the state-law claims, which will be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

## Conclusion

The § 1983 claims as pleaded are barred by *Heck* and *Younger*. Leave to amend would be futile because, *Heck* and *Younger* notwithstanding, the claims are appropriately dismissed on other grounds. The § 1983 claims against the State Defendants will be dismissed as they are not "persons" under § 1983. The § 1983 claims against Lea County, the unnamed corrections officers, and the unnamed probation/parole officers will be dismissed for failure to state a claim. The probation/parole officers are also entitled to absolute immunity with respect to two of the § 1983 claims. Because no § 1983 claim survives, no surreply to the State Defendants' Motion to Dismiss and no discovery will be permitted. Finally, the Court declines to exercise jurisdiction over the state-law claims, which will be dismissed without prejudice.

---

[5] Plaintiff belatedly seems to argue that the parole officers are not entitled to *qualified* immunity for denying him an attorney at his Preliminary Parole Revocation Hearing.[5] [Doc. 11] at 1–2; [Doc. 11-1]. The Court is not persuaded that the argument has any merit. There is nothing in the Complaint related to any probation/parole officer's denying Plaintiff his right to an attorney at a Preliminary Parole Revocation Hearing, so the argument is irrelevant. Additionally, Plaintiff alleges both that he was denied a hearing on his probation/parole revocation, [Doc. 1] at 3, and that he was denied counsel at such a hearing, [Doc. 11] at 1–2; [Doc. 11-1].

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the State Defendants' First Motion to Dismiss . . . [Doc. 9] is **GRANTED**, and all claims against the State of New Mexico, New Mexico Public Defender's Department, and the New Mexico Corrections Department are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the federal claims against Lea County, the unnamed corrections officers, and the unnamed probation/parole officers are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Permission to File a Surreply and/or do Discovery with Regard to Plaintiff's Complaint [Doc. 17] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's state-law claims are **DISMISSED without prejudice** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**